IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CR-67-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ALLEN DONNELL STANLEY ) | |

This matter is before the Court on defendant Allen Stanley's motion in letter form for copies without cost. [DE 30]. The government has responded, and the matter is ripe for ruling. For the reasons discussed below, defendant's request is denied.

## BACKGROUND

On January 31, 2017, the Court sentenced Stanley to a term of 60 months' imprisonment after he pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE 26]. Stanley did not notice a direct appeal of his conviction or sentence. Stanley has now petitioned the Court for copies of his docket sheet, the Court's statement of reasons, and transcripts of his sentencing hearing. Stanley states that he has no outside help with finances and requests indigent forms or vouchers.

## DISCUSSION

28 U.S.C. § 753(f) provides that a transcript may be obtained at government cost if a motion pursuant to 28 U.S.C. § 2255 has been certified as non-frivolous and the transcript is needed to decide the issue presented by the motion. Further, as indigent defendants have been found not to have a Constitutional right to a transcript in order to assist in filing a § 2255 motion, *United States v. MacCollom*, 426 U.S. 317, 325-26 (1976), "the Fourth Circuit requires indigent defendants to show a 'particularized need'" for requested documents. *United States v. Holloman*, No. 7:07-CR-

8-F, 2013 U.S. Dist. LEXIS 99748, *4 (E.D.N.C. Jul. 17, 2013); *Jones v. Superintendant, Va. State Farm*, 460 F.2d 150, 152–53 (4th Cir. 1972). An indigent defendant is not entitled to a transcript at government expense in order to "merely [] comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

Stanley has made no particularized showing of a need for copies of the documents he has requested. Further, Stanley has not filed a motion pursuant to § 2255, and thus no frivolity determination has been made. Stanley is entitled seek copies at his own expense, but not at the government's.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 30] is DENIED.

SO ORDERED.

This the 30 day of May, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE